ANN MCALLISTER vs. WILLIAM SHAW & others.

Washington.    Opinion. April 19, 1879.

*Tax deed.    Recitals.    Presumption.    Possession.*

At common law no lapse of time will afford presumptive evidence of the
regularity of a tax sale.

The recitals in a tax deed more than thirty years old are evidence of the facts
recited, only when the grantee takes and holds possession of the premises
under the deed.

Where there is no such possession, the burden is upon the grantee, in such
deed, to show that, in the sale (made August 15, 1840,) under a tax assessed
by the county commissioners on unincorporated land, the county treasurer
complied with Stat. 1836, c. 242, § 2, as amended 1840, c. 87, § 2.

ON REPORT.

TROVER for six hundred cords of hemlock bark, taken by defend-
ants June 1, 1876.    Writ is dated June 7, 1876.

Plea, the general issue.

After the evidence was all out at *nisi prius*, the case was con-
tinued on report.    The full court to have jury powers, and to set-
tle the law and facts.

The facts appear in the opinion.

*E. B. Harvey*, for the plaintiff.

*J. & G. F. Granger*, for the defendants.

LIBBEY, J.    This is trover for six hundred cords of hemlock
bark.    We are satisfied by the evidence that the bark was cut and
peeled on lots numbered one and six in Orient.

The plaintiff claims title to those lots through mesne convey-
ances under Randall Whidden.    The only title that Whidden had
was by tax deed from Jonathan Green, treasurer of Aroostook
county, dated August 15, 1840, of sale for non-payment of a tax
assessed on said township, as unincorporated lands, by the county
commissioners of said county, for the repair of the Houlton and
Baring road.

The defendants claim under a permit from Carpenter and
Powers, who derive title to said lots by mesne conveyance, from

Ira and Jesse Wadleigh, who purchased the same of the state of Maine, by deed dated September 7, 1831.

To show sufficient title to said lands to enable her to maintain this suit, the burden is on the plaintiff to prove that the county treasurer, in advertising and selling the same to Whidden, complied with the requirements of law in relation thereto.

By act of 1836, c. 242, § 2, as amended by act of 1840, c. 87, § 2, on or before the fifteenth day of May the county commissioners shall certify the tax to the county treasurer, who shall, as soon as may be, publish an attested copy thereof in some newspaper published in the county, if any, and in the newspaper published by the printer to the state, three months before the time of sale, together with a notice that so much of said lands will be sold at public sale to the highest bidder, at such time and place as he shall designate, as will satisfy the assessment and incidental charges, unless said assessment shall be paid before that time.

The only evidence tending to show a compliance with the requirements of law by the treasurer is found in the recitals in his deed to Whidden.

It is claimed by the counsel for the plaintiff that as that deed is more than thirty years old, its recitals are evidence of the facts recited. They are not made so by statute. It is well settled that, at common law, no lapse of time will afford presumptive evidence of the regularity of a tax sale. The recitals in a tax deed more than thirty years old are evidence of the facts recited, only when the grantee takes and holds possession of the premises under the deed. *Worthing* v. *Webster*, 45 Maine, 270. The evidence does not satisfy us that either Whidden, or any of the intermediate grantees, ever had any actual possession or occupation of any of the lands embraced in the deed. The recitals in the deed are not competent evidence of a compliance, by the county treasurer, with the requirements of law in advertising and making the sale.

But if the recitals in the deed are to be treated as competent evidence, they fail to show a compliance with the requirements of law by the county treasurer. By the deed it does not appear that the treasurer published a certified copy of the assessment in any newspaper. It does not appear that notice of the sale was pub-

lished in a newspaper published in the county, or that no newspaper was published in the county. It does not appear that the Eastern Argus, in which the notice was published, was a newspaper published by the printer to the state. Nor does it appear that the notice was published three months before the time of sale.

The evidence entirely fails to show that the plaintiff or those under whom she claims ever had any such possession of the lots in controversy as will give her any title or rights by adverse possession.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.